IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PIYARATH S. KAYARATH,

    Defendant.

Case No. 94-10123
Case No. 94-10128

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motions to vacate sentence pursuant to 28 U.S.C. § 2255 (Case No. 94-10123, Doc. 184; Case No. 94-10128, Doc. 710[1]), motions to appoint counsel (Case No. 94-10123, Doc. 186; Case No. 94-10128, Doc. 712) and a motion to reopen judgment (Doc. 702). The motions have been fully briefed and the matter is ripe for decision. (Case No. 94-10123, Docs. 185, 187, 188; Case No. 94-10128, Docs. 711, 713, 714.) For the reasons stated herein, the motions are DENIED.

**I. Facts and Procedural History**

Defendant Piyarath Kayarath is a federal prisoner appearing pro se. Defendant was convicted and sentenced in two criminal cases. *United States v. Kayarath*, 41 F. App'x 255, 256 (10th Cir. 2002). In case number 94-10123, Defendant entered guilty pleas to two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and two counts of carrying or using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). *United States v. Kayarath*, No. 94-10123-02-MLB, 2001 WL 37129267, at *1 (D. Kan. July 12, 2001). That case involved

---

[1] To avoid confusion between the two cases (94-10123 and 94-10128) addressed in this motion to vacate, citations are to case 94-10128 unless specified otherwise. Moreover, the documents filed in both cases are essentially identical.

two robberies of the same Sonic restaurant.  In case number 94-10128, Defendant was charged with Hobbs Act robbery and carrying and using a firearm during the robbery causing the death of a person through the use of a firearm, in violation of 18 U.S.C. §§ 924(c)(1) and 924(j)(1)[2] and 18 U.S.C. § 2.  In 1997, he was convicted by a jury on both counts.  *Kayarath*, 2001 WL 37129267, at *1.  The facts surrounding the murder and robbery are set forth in detail in *United States v. Chanthadara*, 230 F.3d 1237 (10th Cir. 2000).  In sum, this case arose from a 1994 robbery and murder by a group of individuals, including Defendant, at a restaurant in Wichita

Defendant previously appealed his conviction after the jury trial and filed a motion to vacate.  *Kayarath*, 2001 WL 37129267, at *1.  His convictions were affirmed and the Tenth Circuit dismissed his appeal regarding his motion to vacate.  *See id.*; *Kayarath*, 41 F. App'x at 256.

In 2019, the Supreme Court ruled that the residual clause, 18 U.S.C. § 924(c)(3)(B), was unconstitutional.  *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).  Defendant's conviction in case number 94-10128 included a conviction under § 924(j).  This statute states, in relevant part, that a person who causes the death of a person through the use of a firearm and in the course of a violation of subsection (c), shall be punished by death or imprisoned for life or any term of years. § 924(j).  Because *Davis* can be applied retroactively, the circuit granted Defendant's motion to file a second or successive § 2255 motion allowing Defendant to challenge only his § 924(j) conviction and sentence under *Davis*.  (Doc. 707.)  Defendant argues that his conviction should be set aside as the residual clause was found to be unconstitutional.

## II.     2255 Standard

Section 2255(a) provides in part that a federal prisoner seeking release on the basis that his sentence violated federal constitutional or statutory law "may move the court which imposed the

---

[2] The indictment references § 924(i)(1) due to intervening changes to the statute. The current iteration of the statute has the applicable provision in subsection j.

sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Unless the motion and the record of the case conclusively show the prisoner is entitled to no relief, the court must promptly grant a hearing. 28 U.S.C. § 2255(b). However, if it plainly appears from the motion, any attached exhibits, and the record that the moving party is not entitled to relief, the judge must dismiss the motion. Rule 4(b), Rules Governing Section 2255 Proceedings. No hearing is necessary on this motion because the record plainly shows the movant is not entitled to relief.

The Court also denies Defendant's motions to appoint counsel. (Case No. 94-10123, Doc. 186; Case No. 94-10128, Doc. 712). Rule 8(c) of the Rules Governing Section 2255 Proceedings requires a court to appoint counsel if an evidentiary hearing is warranted for a § 2255 motion. Here, the court determines that no evidentiary hearing is necessary. A court may also appoint counsel under 18 U.S.C. § 3006A(a)(2) if the interests of justice so require. Similarly, appointment of counsel is not necessary under § 3006A(a)(2). Defendant's claims have been fully briefed in the § 2255 motions and his reply briefs. The briefs and the record conclusively demonstrate that Defendant is not entitled to relief under § 2255, as discussed. Thus, the interests of justice do not require appointment of counsel.

### III. Analysis

#### A. 2255 Motions

Defendant was convicted of violating 18 U.S.C. § 924(j)(1), which imposes an enhanced sentence when a defendant causes death of another during a crime of violence. A "crime of violence" is defined as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "elements clause"], or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense ["the residual clause"].

3

*Id.* § 924(c)(3).

In *Davis*, the Supreme Court held the residual clause to be unconstitutionally vague, following its reasoning in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Davis*, 139 S. Ct. at 2323, 2336. The defendants in *Davis* had been charged with *conspiracy* to commit Hobbs Act robbery, which was an offense that only implicated the residual clause. *Id.* at 2324. With the elimination of the residual clause, a conviction can stand only if the underlying charged conduct qualifies as a crime of violence under the elements clause of § 924(c)(3)(A). Defendant argues that his conviction must be vacated because the crime of Hobbs Act robbery criminalizes crimes against both person and property and can be committed against property without involving physical force.

The Tenth Circuit has recently affirmed that "Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A) because that clause requires the use of violent force, and the force element in Hobbs Act robbery 'can only be satisfied by violent force.'" *United States v. Sirvira*, No. 13-40115-04-JAR, 2020 WL 1233733, at *2 (D. Kan. Mar. 13, 2020) (quoting *United States v. Dubarry*, 741 F. App'x 568, 570 (10th Cir. 2018) (quoting *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–65 (10th Cir. 2018)).

Defendant argues that Hobbs Act robbery is not a crime of violence because the crime can be committed by damaging property, citing to *United States v. Chea*, Nos. 98-cr-20005-1, 98-cr-40003-2, 2019 WL 5061085, at *13 (N.D. Cal. Oct. 2, 2019). That case is not binding on this court. *Sirvira*, 2020 WL 1233733, at *2 (summarily rejecting the same argument). Defendant also urges that *United States v. Bowen*, 936 F.3d 1091, 1102 (10th Cir. 2019) supports his position. The witness retaliation statute addressed in *Bowen,* 18 U.S.C. § 1513(b)(2), can be met by non-violent force to property, such as spray painting a car in retaliation. *Bowen*, 936 F.3d at 1104.

4

Therefore, the statute did not satisfy the elements clause. As *Bowen* did not involve a Hobbs Act robbery, it does not alter the Tenth Circuit's holding regarding Hobbs Act robbery. *Sirvira*, 2020 WL 1233733, at *2. Notably, the court of appeals stated that crimes of violence involving property can satisfy the elements clause and cited *Melgar-Cabrera*. *See Bowen*, 936 F.3d at 1104.

In *Sirvira*, Chief Judge Robinson rejected a challenge similar to the arguments presented here. By doing so, the court noted that the Tenth Circuit has recently rejected a similar argument and held that "even if *Davis* 'appeared to suggest' that Hobbs Act robbery might not be a crime of violence under § 924(c)(3)(A), and we could reconsider *Melgar-Cabrera*, we would reach the same conclusion: Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)" and that "*Melgar-Cabrera* is still binding precedent on this court, and, therefore, [the defendant] has not identified a viable constitutional challenge of his sentence." *Sirvira*, 2020 WL 1233733, at *3 (quoting *United States v. Myers,* 786 F. App'x 161, 162-63 (10th Cir. 2019), *petition for cert filed*, No. 19-7458, (U.S. Jan. 23, 2020)). The court of appeals also rejected a similar argument in *United States v. Rojas*, 748 F. App'x 777, 779 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1324 (2019) (rejecting the argument that Hobbs Act robbery is not a crime of violent because it can be accomplished by threatening injury to intangible property without the use of force).

Defendant additionally argues that attempted Hobbs Act robbery and aiding and abetting Hobbs Act robbery does not qualify as a predicate crime of violence. (Doc. 711 at 11-15.) This argument lacks merit. Reviewing the jury instructions, it is clear that the jury was not instructed on attempted robbery.[3] Rather, the jury was charged with determining whether Defendant committed Hobbs Act robbery as a principal or as an aider and abettor. (Doc. 501 at 26-29, 36-37.) While the jury verdict does not reflect what role the jury determined that Defendant played,

---

[3] Even if the jury had been instructed on attempt, Defendant's argument still fails. *See* Doc. 713 at 11-12 (citing cases).

5

it makes no difference. Under the law, aiders and abettors and principals are treated alike. *See United States v. Deiter*, 890 F.3d 1203, 1215 (10th Cir. 2018) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189-90 (2007)) (criminal law treats aiders and abettors and principals alike).

Therefore, the court finds that the predicate Hobbs Act robbery offense used to support Defendant's conviction was an offense under the elements clause in § 924(c)(3)(A), not the residual clause under § 924(c)(3)(B). *See Melgar-Cabrera*, 892 F.3d at 1064–65; *see also United States v. Toles*, No. 99-10086-JTM, 2020 WL 1536588 (D. Kan. Mar. 31, 2020).

### B. Motion to Reopen Judgment

Prior to the Tenth Circuit's authorization for Defendant to file a second or successive motion on the issue addressed above, Defendant filed a motion to reopen judgment under Fed. R. Civ. P. 60(b). (Doc. 702.) Defendant asserts that his judgment is void because count 2 charged him with a violation of 18 U.S.C. §§ 924(c)(1) and 924(j)(1). Defendant contends that his judgment is void after the Tenth Circuit's decision in *Melgar-Cabrera*, which overruled previous circuit authority, and held that 924(j)(1) was not a sentencing factor but a separate crime. *Melgar-Cabrera*, 892 F.3d at 1060. Defendant thus contends that the judgment is void because it violated his Fifth and Sixth Amendment rights. (Doc. 702 at 3.)

Defendant, however, is attacking his criminal judgment and not a judgment entered in a habeas proceeding. "Rule 60(b) does not apply to a criminal proceeding." *United States v. Edge*, 315 F. App'x 92, 94–95 (10th Cir. 2009) (citing *United States v. Spry*, 260 Fed. App'x. 52, 54 (10th Cir. 2008)). "[W]hile Federal Rule of Civil Procedure 60(b) has a 'valid role to play in habeas cases,' it does not provide relief from judgment in a criminal case." *Id.* (citation omitted) The court finds that Defendant's motion is not a Rule 60(b) motion but rather a second or

6

successive § 2255 motion as he is seeking to set aside judgment in his criminal case based on his rights under the Constitution.

A review of the Tenth Circuit's docket shows that Defendant sought permission to file a second or successive motion raising this very argument. (10th Cir. Case No. 18-3225.) Defendant's motion for authorization was denied. (Doc. 692.) Therefore, this court lacks jurisdiction to consider this motion as it is a second or successive 2255 and the Tenth Circuit has denied Defendant's petition to file this motion.

### IV. Conclusion

Defendant's motions to vacate under § 2255 (Case No. 94-10123, Doc. 184; Case No. 94-10128, Doc. 710) are DENIED. Defendant's motions to appoint counsel (Case No. 94-10123, Doc. 186; Case No. 94-10128, Doc. 712) are DENIED. This court lacks jurisdiction to consider Defendant's motion to reopen (Doc. 702) and therefore it is DISMISSED FOR LACK OF JURISDICTION.

Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, this court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court must indicate "which specific issue or issues satisfy [the] showing." This requires petitioner to show that this court's ruling was "debatable among reasonable jurists." *Harris v. Sharp*, 941 F.3d, 1011 (10th Cir. 2019) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003)).

The Court finds that a certificate of appealability should not issue in this case.  Nothing in the record suggests that the Tenth Circuit would resolve these issues differently.

IT IS SO ORDERED this 15th day of April, 2020.


             ___s/ John W. Broomes_____
             JOHN W. BROOMES
             UNITED STATES DISTRICT JUDGE