IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.	Case No. 94-10128-02-JWB
                                                                                                                94-10123-02-JWB

PIYARATH KAYARATH,[1]

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 743.)[2] The motion is fully briefed and is ripe for decision. (Docs. 747, 748, 749.) For the reasons stated herein, Defendant's motion is GRANTED.

**I. Facts and Procedural History**

Defendant committed three different robberies in Wichita, Kansas, over a two-month period when he was 18 years old. One of the robberies – of a Mandarin restaurant – involved the murder of Barbara Sun. On January 4, 1996, Defendant and another individual were charged in two counts of a second superseding indictment with respect to the murder and robbery of the Mandarin restaurant. (Doc. 138.) Count One charged a Hobbs Act robbery, in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2, and Count Two charged the unlawful carrying and use of a firearm during and in relation to the robbery and causing the death of a person through the use of

---

[1] Defendant's first name is alternatively spelled in the record as "Piyaroth." Defense counsel states that the correct spelling of Defendant's first name is Piyaroth. (Doc. 743 at 2, n.1.) Because the record (and the judgment) reflects the spelling as Piyarath, the court will utilize this spelling. (Doc. 123.)
[2] In Case 94-10123-02, an identical motion was filed at Doc. 239.

the firearm, which killing was a murder, in violation of 18 U.S.C. § 924(j)(1)[3] and 18 U.S.C. § 2. (Doc. 138 at 2.)

Prior to trial, the government offered Defendant a plea deal in which he would plead guilty to the robbery offense and the murder count would be dismissed. The statutory maximum sentence under the proposed plea was 20 years. (Doc. 743 at 11) (citing Doc. 551 at 6–7.) Defendant declined the offer and the case proceeded to trial. On January 30, 1997, the jury returned a verdict of guilty on both counts. (Doc. 499.) On April 15, 1997, the court sentenced Defendant to 240 months imprisonment on Count One and to life imprisonment without the possibility of release on Count Two, with the counts to run concurrently. (Doc. 525.) The sentence was consistent with the guideline range for imprisonment, which was based on a total offense level of 43 and a criminal history category of III. Presentence Report (PSR) ¶ 79. Defendant's criminal history included a plea of guilty to four counts of a superseding indictment in Case No. 94-10123-02 (the "Sonic case"). Those counts charged two § 1951 offenses and two § 924(c) offenses relating to the robbery of two Sonic Drive-In restaurants in late September and October of 1994. (No. 94-10123-02, Doc. 30.) Defendant was initially sentenced in December of 1995 to 330 months imprisonment in that case (*Id.*, Doc. 96), but in August of 1996 the sentence was reduced to 240 months. (*Id.*, Doc. 123.) The judgment in the Mandarin case was affirmed on direct appeal. (Doc. 635.) Defendant has now served more than 29 years.

Defendant moves for a reduction of his sentences in both cases under § 3582(c)(1)(A). Defendant argues that a combination of extraordinary and compelling reasons warrants a reduction in his sentence including his youth at the time of the offenses, the mandatory-guidelines life

---

[3] At the time of indictment and trial, this provision was designated as § 924(i)(1). (It was one of two different subsections that were inadvertently given the same number.) It has since been redesignated as § 924(j)(1) and is referred to here by its current designation.

sentence, a reduction in other statutory mandatory minimums, an extreme trial penalty, the length of time he has served, and his rehabilitation. Defendant asks the court to reduce his sentence in the Mandarin case to 25 years and to reduce his sentence in the Sonic case to 9 years, with both sentences to run consecutively for a total sentence of 34 years. The government agrees to the sentence reduction in the Sonic case due to a change in the First Step Act's anti-stacking provision as it pertains to convictions under 18 U.S.C. § 924(c), but opposes the reduction in the Mandarin case. (Doc. 747 at 15.) The government asserts that Defendant has failed to show extraordinary and compelling reasons for a reduction in the Mandarin case.[4] Moreover, it argues the factors in § 3553(a) weigh against a reduction.

## II. Legal Standards

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee,* 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States,* 564 U.S. 522, 526 (2011)). One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a sentence reduction. *McGee,* 992 F.3d at 1041. The First Step Act changed this to allow a defendant to file his own motion for reduction if certain conditions are met. *Id.*

The Tenth Circuit has endorsed a three-step test for deciding motions under § 3582(c)(1)(A). *Id.* at 1042. If a defendant has administratively exhausted his claim,[5] the court may reduce a sentence if three requirements are met: (1) "extraordinary and compelling" reasons

---

[4] The majority of the government's argument includes quoting this court's prior denial of Defendant's motion for a sentence reduction in June 2021. (Doc. 747 at 17–21.) As noted by Defendant, however, he has put forth additional arguments and evidence in support of his motion and there has been substantial change in the law regarding § 3582 reductions since the court rendered its prior decision. Moreover, his prior motion was presented pro se, focused primarily on the COVID-19 pandemic as the basis for relief, and failed to address other bases for relief with the thoroughness provided in the present motion.

[5] The government concedes Defendant has exhausted his administrative remedies on the motion. (Doc. 747 at 5.)

3

warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* A court may deny the motion when any requirement is lacking and the court need not address the other requirements. *Id.* at 1043. But all the requirements must be addressed when the court grants a motion for release under the statute. *Id.*

### III. Analysis

A. Extraordinary and Compelling Reasons.

The Tenth Circuit has held that the court has independent discretion to determine whether a defendant has shown "extraordinary and compelling reasons" that warrant a reduction. *See McGee*, 992 F.3d at 1044, 1048.

Defendant argues that the following circumstances, in combination, constitute extraordinary and compelling circumstances: his youth at the time of the offenses; his mandatory-guidelines life sentence that would no longer be mandatory; length of sentence compared to co-Defendants and prior plea offer; the length of time he has already served; and his significant rehabilitation. (Doc. 743 at 2.) In response, the government argues that each of these circumstances, with respect to the Mandarin case, are not sufficient to establish extraordinary and compelling circumstances. The court agrees that, viewed in isolation, each circumstance might not be sufficient. However, taking all of the circumstances into consideration, the court finds that Defendant has shown extraordinary and compelling circumstances that warrant a sentence reduction in the Mandarin case.[6]

---

[6] The government concurs to the sentence reduction to 9 years in the Sonic case due to a change in the law to the stacking provisions. (Doc. 747 at 15.) For the reasons stated herein, along with the changes in the law regarding the § 924(c) convictions, the court grants the motion to reduce Defendant's sentence in Case No. 94-10123-2 to 9 years.

The court first notes that Defendant has demonstrated exemplary rehabilitation that weighs in favor of compassionate release.  Defendant has clearly made efforts to take advantage of educational opportunities in prison, including obtaining his General Educational Development (GED) certificate and completing a 500-hour challenge program.  (Doc. 743 at 43.)  Defendant also has completed a significant number of hours in additional programs as evidenced by the record.  (Doc. 743-11, 743-12.)  The challenge program is an intensive mental-health and substance-abuse program.  This court has previously recognized that completion of this program is "particularly noteworthy."  *United States v. Espino*, No. 03-20051-08-JWL, 2022 WL 4465096, at *4 (D. Kan. Sept. 26, 2022).  After completing the challenge program, Defendant stayed in the program to mentor other participants as a challenge coordinator.  (Doc. 743 at 31.)  A letter of support from a prison psychologist indicates Defendant made positive contributions to the challenge program in which he participated.  (Doc. 743-4.)  Notably, Dr. Todd opines that he believes that Defendant will be a success upon his release because he possesses the skills to succeed.  Another BOP psychologist also submitted a letter on Defendant's behalf in which she praises Defendant's commitment to the programs and the other participants.  Notably, Defendant created a new program to support other community members and it "had a profound effect on the community."  (Doc. 743-7.)  Defendant has submitted two letters from prisoners with whom he has previously mentored and volunteered.  One prisoner has since been released and he credits Defendant with helping him during his incarceration.  (Doc. 743-9.)  Mr. Long states that Defendant was a "strong, positive role model as a mentor for numerous incarcerated individuals." (*Id.*)  The court notes that Defendant spent time volunteering and helping others in classes even though he was facing no apparent opportunity for release.  That is significant.

Defendant also volunteers in the psychology unit at USP Atwater. In that role, he has organized a talent show for the unit and makes seasonal decorations. Defendant has submitted pictures of his decorations, which include Christmas ornaments and trees. Defendant and others in his group also crocheted animals and other items to donate to members of the community. (Doc. 743-15.) Defendant taught himself how to play the guitar and volunteers his time to give guitar lessons to other prisoners.

A report dated January 24, 2023 indicates Defendant has been free of any disciplinary incidents since June 2013. (Doc. 743-16.) The lack of disciplinary incidents, his education, volunteering, and mentoring are commendable and show Defendant has made a significant effort to better himself even though he was serving a life sentence. *See Espino*, 2022 WL 4465096, at *4 (finding such a record "exceptionally rare, "specially for a defendant who, serving a life without parole sentence, has no motivation to earn good time credit by avoiding inappropriate conduct.")

Defendant also asserts that his young age at the time of the offenses and the long term he has now served in prison (29 years) constitute extraordinary and compelling reasons for a sentence reduction. These are legitimate factors to consider, as a life sentence for crimes committed by an 18-year-old is, outside of the death penalty, the most severe and punitive sentence that can be imposed. The court recognizes that this sentence was given by the sentencing judge based on the serious crimes at issue and was contemplated by the governing law and the federal sentencing guidelines. At the time, the guidelines were "mandatory" and not advisory as they later became. *See United States v. Booker,* 543 U.S. 220, 245 (2005). But the same life sentence would be the applicable advisory guideline sentence for a similar offense committed today. Although a change in the nature of the guidelines as discretionary instead of mandatory would not be sufficient to warrant a reduction by itself, the court notes that it is relevant here given that this change would

6

allow the court to consider the sentencing factors which include Defendant's youth and background.  *See, e.g., United States v. Mendez-Zamora*, No. 2:00-CR-20066-JAR-5, 2022 WL 9333452, at *1 (D. Kan. Oct. 14, 2022) (citing *United States v. Mann*, 2021 WL 2019187, at *2 (E.D.N.C. May 20, 2021) (defendant "was sentenced under the mandatory guidelines regime, which gave this court no discretion to fashion a sentence tailored to the individual"); *United States v. Kratsas*, 2021 WL 242501, at *4 (D. Md. Jan. 25, 2021) ("the then mandatory life sentence imposed presents grounds for compassionate release consideration").

Further, the law has changed "with respect to the law's recognition of the relationship between youth and culpability." *Id.* at *2.  Under current law, it is understood that "young people are less mature, are more reckless and impulsive, are more vulnerable to surrounding influence, lack the ability to control their lives and surroundings, and have characters that are less fixed and more amenable to change, all of which makes irrevocable sentences like mandatory life inappropriate in many cases." *Id.* (citing *Miller v. Alabama*, 567 U.S. 460, 471 (2012) (discussing the relationship between youth and culpability, and the impropriety of a mandatory life sentence for minors); *Espino*, 2022 WL 4465096, at *2–3 (reviewing law on youth and culpability).

Here, Defendant was only 18 when he was involved in the robbery that led to the horrible death of Mrs. Sun.  Defendant's family history is set forth in his brief and shows he had difficulty fitting in as a young immigrant.  Defendant dropped out of school in the ninth grade after missing a significant number of days as a middle schooler.  Defendant left home and then stayed with older friends, which included his codefendants.  Defendant began using drugs to fit in and was using drugs at the time of the offenses. (Doc. 743 at 6–7.)  Defendant expresses extreme remorse for his conduct in this case in his letter to the court.  (Doc. 743-17)  He expresses that he hopes to have the opportunity to help troubled youth so that they would not follow the path he took as a young

person. Given his conduct while incarcerated and the letters of support he has received, the court is convinced that Defendant's letter is sincere and that he will continue to work towards providing a positive impact when released.

Taking all of these circumstances together, the court concludes Defendant has shown extraordinary and compelling reasons exist for a reduction in his sentence.

B.  Sentencing Commission's Policy Statement

On November 1, 2023, the Sentencing Commission issued an applicable policy statement for motions for compassionate release filed by defendants. U.S.S.G. § 1B1.13(b), Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement). The policy statement sets forth the following as the Sentencing Commission's determination of what constitutes extraordinary and compelling reasons for a sentencing reduction: (1) a defendant has certain medical conditions; (2) is at least 65 years old and has experienced a serious deterioration in health; (3) has family circumstances which require him to act as a caregiver; (4) was a victim of sexual or physical abuse by or at the direction of a correctional officer; (5) any other circumstances or combination of circumstances that when considered by themselves or together with any of the first four categories, are similar in gravity to the circumstances described in those four categories; and (6) a change of law if defendant has served ten years of an unusually long sentence and the change would produce a gross disparity between the sentence being served and the sentence likely to be imposed today. U.S.S.G. § 1B1.13(b)(1)–(6).

Defendant asserts that the catch-all provision of "other circumstances" is applicable here. Under that provision, the Court has discretion to find extraordinary and compelling reasons based on "any other circumstances or combination of circumstances that when considered by themselves . . . are similar in gravity to the circumstances described in those four categories." U.S.S.G. §

1B1.13(b)(5). The government argues that Defendant's circumstances are not similar in gravity to the circumstances set forth in the first four categories. Those categories are "quite limited" and the Sentencing Commission "considered but specifically rejected a requirement that 'other reasons' [under subsection (5) must] be similar in nature and consequence to the specified reasons" in the first four subsections. *United States v. Moreira*, No. CR 06-20021-01-KHV, 2024 WL 378032, at *3 (D. Kan. Jan. 31, 2024) (quoting U.S. Sentencing Comm'n, Amendments to Sentencing Guidelines, Effective Date November 1, 2023, at 4–5 (Apr. 27, 2023), available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf; *see id.* at 5 (Commission declines to "predict and specify in advance all of the grounds on which relief may be appropriate"). Courts have been granting sentence reductions on "dozens of reasons and combinations of reasons" and it is clear that the Commission did not intend to significantly restrict the court's discretion to determine what constitutes extraordinary and compelling reasons given the court's "unique position to determine whether the circumstances warrant a reduction." *Id.* (citation omitted).

Here, based on the discussion herein, the court finds that the following reasons collectively are of similar gravity to the circumstances presented in the first four categories of the policy statement: (1) defendant received an unusually long sentence, (2) his youth at the time of the offense, (3) his criminal history was limited to a three month period[7], and (4) his significant rehabilitation in prison which was accomplished even though he was facing no opportunity for release. *See Moreira*, 2024 WL 378032, at *4.

C. Section 3553(a) Factors

---

[7] Defendant did have one juvenile adjudication of battery. PSR ¶ 53.

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in § 3553(a). The factors include the nature of the offense and Defendant's personal history and characteristics; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of Defendant, and provide Defendant with needed training and care; the kinds of sentences available; the need for rehabilitative services; the applicable Guideline sentence; and the need to avoid unwarranted sentence disparities among similarly-situated defendants. 18 U.S.C. § 3553(a)(1)-(6).

Defendant was sentenced to life imprisonment based on his willing participation in crimes that resulted in the death of Mrs. Barbara Sun. The nature of the offenses was set forth in detail in this court's prior order and will not be repeated here. In summary, the evidence showed that Defendant was a willing participant in the robbery of the Mandarin restaurant. Although Defendant was not directly involved in the murder and beating of Mrs. Sun, it was his weapon that was used. The co-Defendant who shot and beat Mrs. Sun, Bountaem Chanthadara, was initially sentenced to death, but that sentence was vacated on appeal and he was sentenced to life without the possibility of release.[8] (Doc. 650.) Phouc Nguyen was upstairs with Chanthadara during the murder of Mrs. Sun and was sentenced to life after a trial. Case No. 94-10129, Doc. 227.[9] Another co-defendant in this case, Somlith Soukamneuth, the getaway driver who pleaded guilty, received a sentence of 240 months and was released in 2013. (Doc. 511.) A defendant charged in a different

---

[8] Chanthadara died by suicide in prison in 2019.
[9] In September 2021, this court denied Nguyen's motion for compassionate release which was based on the COVID-19 pandemic. Nguyen was a couple of years older than Defendant at the time of the offenses, during which he participated in the beating of Mrs. Sun prior to her being shot by Chanthadara, and committed the offense while under a criminal justice sentence. Case No. 94-10129, Doc. 304. The court's decision was affirmed on appeal. *Id.*, Doc. 309.

case, Khammouk Namphengsone, who was also downstairs with Defendant, pleaded guilty and was sentenced to 264 months. Case No. 94-10122-MLB, Doc. 37. That defendant was also released several years ago.

While the crimes committed in this case were extremely serious and resulted in the tragic death of Mrs. Sun, the evidence is that Chanthadara (and Nguyen) had the most culpability for the death of Mrs. Sun. The court is persuaded that Defendant had a lesser role in her death and that his sentence should be less than Chanthadara's sentence. Further, two other men who were involved in the crimes but, like Defendant, were not upstairs with Chanthadara received 20- and 22-year sentences. And, significantly, the government also offered Defendant a 20-year sentence which reflects that the government believed that such a sentence was appropriate for Defendant's role in the crimes. *See Espino*, 2022 WL 4465096, at *4. For reasons that are difficult to fathom, Defendant, having confessed both in writing and by recorded oral statement to his involvement in the robbery shortly after his arrest, declined the plea offer and proceeded to trial. At trial his multiple confessions were admitted into evidence, and his defense seemed to focus instead on the notion that he never intended that the murder be committed; rather, it resulted from the unilateral actions of Chanthadara and perhaps Nguyen. (*See, e.g.,* Doc. 547 at 15-17.) Indeed, even the trial judge noted that "there appears to be no evidence that the defendant consciously shared in Chanthadara's use of the firearm to cause the death of Mrs. Sun." (Doc. 549 at 4.) For these reasons, the court is convinced that a still-substantial sentence of 25 years (34 total years due to the consecutive sentence to the Sonic case and five years more than he would have received had he accepted the government's plea offer instead of going to trial) is sufficient but not greater than necessary to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public. *See id.*

The court also finds that a sentence of 25 years is appropriate given Defendant's personal history and characteristics as discussed in more detail in this decision. Defendant has demonstrated extraordinary rehabilitation while in custody and by several accounts he is a model inmate who mentors other inmates. Although Defendant was in custody with a life sentence, he has had a clean disciplinary record for the past ten years and has spent a significant amount of time volunteering and giving to the community. Further, letters attesting to Defendant's character from prison officials support a finding that he will be successful in the community, continue his support of others, and not be a danger to society. The court further notes that this court, and others, have reduced life sentences to a term of years, even cases involving murder. *See Espino*, 2022 WL 4465096, at *5 (citing *United States v. Morris*, 2022 WL 3703201 (D. Conn. Aug. 26, 2022); *United States v. Ramsay*, 538 F. Supp. 3d 407 (S.D.N.Y. 2021); *United States v. Perez*, 2021 WL 837425 (D. Conn. Mar. 4, 2021); *United States v. Rodriguez*, 492 F. Supp. 3d 306 (S.D.N.Y. 2020); *United States v. Rios*, 2020 WL 7246440 (D. Conn. Dec. 8, 2020)).

Viewing all of the evidence and applying the § 3553(a) factors, the court reduces Defendant's sentence in the Mandarin case to 25 years. The court reduces Defendant's sentence in the Sonic case to 9 years. Sentences are to run consecutive for a total sentence of 34 years.

**IV. Conclusion**

Defendant's motion for sentence reduction in this case pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 743) is GRANTED. Defendant's sentence in this case is reduced to 25 years. Defendant's motion for sentence reduction in Case No. 94-10123-02 (Doc. 239) is GRANTED. Defendant's sentence in Case No. 94-10123-02 is reduced to 9 years, to run consecutive to Case. No 94-10128-02, for a total sentence of 34 years.

IT IS SO ORDERED this 4TH day of March 2024.

                                                              _____s/ John W. Broomes_____
                                                              JOHN W. BROOMES
                                                              UNITED STATES DISTRICT JUDGE